IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FREIGHT DRIVERS AND
HELPERS LOCAL UNION NO. 557
PENSION FUND,
By its Plan Sponsor, the Joint Board of
Trustees

   *Plaintiff*,

v.

PENSKE LOGISTICS LLC, *et al.*,

   *Defendants*.

Civil Action No. ELH-12-2376

**MEMORANDUM OPINION**

Now pending before the Court is a "Motion for Reconsideration" ("Motion," ECF 22), filed by plaintiff Freight Drivers and Helpers Local Union No. 557 Pension Fund, by its Plan Sponsor, the Joint Board of Trustees.

Suit in this case was initially "brought on behalf of the Freight Drivers and Helpers Local Union No. 557 Pension Fund" ("The Fund"), a multiemployer pension plan, "by its Trustee, William Alexander." *See* Complaint, Caption & ¶ 1 (ECF 1). The Fund sought to vacate and/or modify an arbitrator's dismissal of a claim it had lodged against two contributing employers, Penske Logistics, LLC and Penske Truck Leasing Co., LP, defendants. However, in July 2013, the Court ruled that the Trustee lacked statutory standing to bring an action under 29 U.S.C. § 1401(b)(2) and granted plaintiff leave to amend the Complaint. *See* Memorandum Opinion ("Memo Op. 1," ECF 13). An "Amended Complaint" was filed on August 7, 2013, ECF 15, also on behalf of the Fund, but this time by "its Plan Sponsor, the Joint Board of Trustees." *See* Am. Compl., Caption & ¶ 1.

Defendants filed a Motion to Dismiss the Amended Complaint on August 26, 2013. ECF 16. By Memorandum Opinion ("Memo Op. 2," ECF 19) and Order (ECF 20) of February 7, 2014), I ruled that the "Amended Complaint" was procedurally improper because "the proper method by which to challenge an arbitrator's award under the MPPAA[1] is by filing a motion, 'accompanied by a memorandum setting forth the reasoning and authorities in support of it,' rather than by filing a complaint." Memo Op. 2 at 12 (citation omitted). However, declining to elevate form over substance, I construed the "Amended Complaint" as a motion to vacate. But, I denied the motion, with prejudice, because it was untimely and did not contain any reasoning, authorities, or legal argument. I also noted that plaintiff did not offer any response to defendants' arguments regarding timeliness or the filing's failure to include any legal argument.

Plaintiff has now asked the Court "to reconsider—and, following reconsideration, to modify—rulings made in its Memorandum Opinion dated February 7, 2013." Motion at 1. The Motion has been fully briefed,[2] and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

## Discussion

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, ___ U.S. ___, 132 S. Ct. 115 (2011). However, Fed. R. Civ. P. 59(e) permits a party to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Although the federal rules do not specify a standard for granting a Rule

---

[1] The "MPPAA" refers to the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381–1453.

[2] Defendants opposed the motion ("Opposition" or "Opp.," ECF 23), and plaintiff replied ("Reply," ECF 24).

59(e) motion, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d, 396 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); *see Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pacific Ins.*, 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* Relief may not be granted under Rule 59(e) for reasons that a party could have advanced, but chose not to pursue. *See id.*; *Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). Moreover, "'[m]ere disagreement does not support a Rule 59(e) motion.'" *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 1012 (2003). With respect to the "clear error or manifest injustice" standard, a "factually supported and legally justified" decision does not constitute clear error. *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Here, plaintiff has not identified any intervening change in controlling law or newly discovered evidence. Rather, plaintiff argues that the Court's ruling was clearly erroneous.

3

Plaintiff does not request reconsideration of the Court's ruling that the proper method under the MPPAA by which to challenge an arbitrator's award is by motion. *See* Motion at 9 n.7. However, plaintiff contends that its "Amended Complaint," construed as a motion, was not untimely because, pursuant to Fed. R. Civ. P 15(c),[3] it "relates back" to the date the original Complaint was filed. Plaintiff further argues that it was not required to provide legal argument in its "Amended Complaint" because the filing satisfied the requirements of notice pleading. *See generally* Fed. R. Civ. P. 8(a).

1.

As an initial matter, plaintiff's arguments are not properly before the Court because plaintiff could have, but did not, raise them in its opposition to defendants' Motion to Dismiss. *See* 11 Wright & Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012) ("The Rule 59(e) motion may not be used . . . to raise arguments . . . that could have been raised prior to the entry of judgment."). In their motion to dismiss, defendants argued that, even if the "Amended Complaint" was construed as a motion, it was untimely and lacked factual or legal support for vacatur of the arbitration award. *See* ECF 16-1 at 3. However, as I noted in my Memorandum Opinion of February 7, 2014, "plaintiff [did] not offer any response to these concerns." Memo Op. 2 at 13. The arguments plaintiff now raises in its Motion are on the exact issues that it chose not to address in its prior briefing.

Plaintiff's explanation for its failure to address these issues in prior briefing is baffling and in any event, unconvincing. Plaintiff claims that it "did not address certain of Defendants' arguments . . . because at the time [plaintiff filed its response], the Court had not yet ruled that

---

[3] Fed R. Civ. P. 15(c)(1) provides, in relevant part: An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.

4

the proper means by which to challenge the arbitrator's decision is by motion rather than complaint." Reply at 4. In other words, plaintiff assumed that it would prevail on the issue of whether it could challenge the arbitrator's decision via complaint, and so it decided to ignore the rest of defendants' arguments. But, plaintiff cannot unilaterally decide to defer briefing on an issue squarely presented in a motion to dismiss. And, regardless, the relevant inquiry under Rule 59(e) is whether the party seeking reconsideration *could have* addressed the arguments in prior briefing, not whether it actually did address them. *See, e.g.*, *Pacific Ins.*, 148 F.3d at 403. Accordingly, plaintiff's motion for reconsideration is procedurally improper and must be denied.

2.

Alternatively, plaintiff's Motion also fails on its merits. In the Motion, plaintiff asks the Court to treat its "Amended Complaint" as both a pleading *and* a motion, depending on which characterization suits plaintiff in the particular context. Plaintiff asks the Court to treat its "Amended Complaint" as a *pleading* for purposes of relation back under Fed. R. Civ. P. 15(c). *See* Motion at 4. But, plaintiff then asks the Court to treat its "Amended Complaint" as a *motion* so that it complies with the MPPAA. *See id.* And, changing course once more, plaintiff argues that the "Amended Complaint" did not need to include legal argument because "'the function of a *pleading*'" simply is "'to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader.'" *Id.* at 6 (quoting 5 *Federal Practice and Procedure* § 1182) (emphasis added). Plaintiff cannot have it both ways. If the filing is a complaint, it is procedurally improper. If it is a motion, it cannot "relate back" under Fed. R. Civ. P. 15(c) and it requires "a memorandum setting forth the reasoning and authorities in support of it." Local Rule 105.1.

5

In addition, plaintiff argues that the Court's first Memorandum Opinion, issued in July 2013, "evidences that it understood the Fund's amended pleading would relate back to the original Complaint" because the Court dismissed the case "'without prejudice *and with leave to amend . . . the Complaint.*'" Motion at 5 (quoting Memo Op. 1 at 23) (emphasis in Motion). In other words, plaintiff claims that "the Court's explicit ruling, permitting the Fund to amend the complaint[,] is irreconcilable with its [later] ruling that the Amended Complaint was untimely" and otherwise improper. Motion at 5 n.2. Plaintiff's argument is untenable. The Court's first Memorandum Opinion addressed only the threshold question of standing. *See generally Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 102 (1998) (holding that Article III jurisdiction is a threshold issue that must be addressed before merits questions). Accordingly, the Court's grant of leave to amend the original Complaint to remedy the standing issue did not also function as a ruling that a complaint is the proper method by which to challenge an arbitrator's award or that an amended complaint, construed as a motion, would be procedurally proper.

As defendants aptly put it, Opp. at 8–9:

> The unspoken assumption of Plaintiff's present argument is that when this Court ruled that the motion to dismiss based on standing was granted, with leave to amend, this Court also engaged in some sort of unstated, unrequested analysis, as to (a) the statutory time limitation governing the filing . . . , (b) whether the filing had to be presented as a complaint or a motion, (c) if the latter, whether a complaint should be "deemed" a motion, and (d) if so, then whether Rule 15(c)'s strict limitation of relation-back provisions to "pleadings" could be extended to nonpleadings (namely motions), such that a late-filed motion would gain the benefit of an earlier filing deadline. Plaintiff's argument is woven from whole cloth.

Finally, plaintiff characterizes as "misplaced" the Court's previously expressed concern that "[t]he benefits Congress sought to obtain by requiring arbitration would be entirely wasted if a dissatisfied party in the arbitration action could start anew in federal court by filing a complaint." Memo Op. 2 at 12; *see* Motion at 7 n.3. Plaintiff asserts that "no delay would result

6

from filing the action as a complaint rather than a motion, since [plaintiff] could set forth the grounds for vacating the arbitrator's award immediately following service of the complaint, via motion for summary judgment." Motion at 7 n.3.

Plaintiff's assertion rings hollow, as plaintiff served the defendants in this case almost two years ago, and yet *still* has not set forth *any* grounds for vacating the arbitrator's award. Plaintiff did not set forth such grounds in its original Complaint, did not do so "immediately following service," did not do so during briefing on the first motion to dismiss, did not do so in its "Amended Complaint," did not do so during briefing on the second motion to dismiss, and has not done so in the briefing on the present Motion.

## Conclusion

The Motion for Reconsideration violates Rule 59(e) and does not identify any "clear error of law." Accordingly, the Motion will be denied. An Order follows.


Date: April 11, 2014                    /s/
                                        Ellen Lipton Hollander
                                        United States District Judge