IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREIGHT DRIVERS AND HELPERS LOCAL UNION NO. 557 PENSION FUND, *by its Plan Sponsor, the Joint Board of Trustees*, | |
| *Plaintiff*, | |
| v. | Civil Action No. ELH-12-02376 |
| PENSKE LOGISTICS LLC, *et al.*, | |
| *Defendants*. | |

## MEMORANDUM

Plaintiff Freight Drivers and Helpers Local Union No. 557 Pension Fund (the "Fund"), a multiemployer pension fund, filed suit in August 2012 against defendants Penske Logistics LLC and Penske Truck Leasing Co., L.P. (collectively, "Penske"). ECF 1. The Fund asked this Court to vacate and/or modify an arbitration award issued by Arbitrator Ira F. Jaffe on July 13, 2012. ECF 1 at 1. "The arbitration award at issue concerned disputes between the Fund and Penske" over Penske's alleged withdrawal liability, *see id.*, pursuant to section 4219 of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified in relevant part at 29 U.S.C. § 1399. *Id.* ¶ 12; *see also Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, ___ F.3d ___, No. 13-2403, 2015 WL 3940851, at *1 (4th Cir. June 29, 2015) (discussing ERISA withdrawal liability and applicable claim procedures). Plaintiff filed an Amended Complaint in August 2013. ECF 15.

In February 2014, for reasons discussed in a Memorandum Opinion issued February 7, 2014 (*see* ECF 19), I construed the Amended Complaint as a motion to vacate the arbitration

award, determined that it was untimely, denied the motion, and closed the case. *See* ECF 19 (Memorandum); ECF 20 (Order). The Fund appealed. *See* ECF 27. In April 2015, the Fourth Circuit reversed and remanded. *See* ECF 30; *Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 211 (4th Cir. 2015).

In June 2015, the Fund filed a Motion to Stay Proceedings (ECF 37, "Motion"), with a supporting memorandum (ECF 37-1, "Memo"). Penske opposed the Motion (ECF 38, "Opposition"), and the Fund replied (ECF 39, "Reply").

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion in part and deny it in part. In particular, I will stay the proceedings until October 2, 2015.

In its Memo, the Fund has provided a concise and correct articulation of the legal standards governing a federal district court's consideration of a motion to stay, stating, ECF 37-1 at 3-4 (alterations added):

> The United States Supreme Court explained long ago that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Such discretion requires a court to "weigh competing interests and maintain an even balance." *Id*. at 254-55. "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254). [Judge Motz of this District] has enumerated factors relevant to consideration of a motion to stay, including: the length of the stay requested, the hardship movant would suffer if the relief requested were denied, prejudice to the non-moving party if the relief requested were granted, and whether the requested relief promotes judicial economy by avoiding duplicative litigation. *In re Mut. Funds Inv. Litig.*, [JFM-04-01274,] 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011).

The Fourth Circuit has acknowledged a federal district court's "discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in another court." *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967) (citing *Int'l Nickel Co. v. Martin J. Barry, Inc.*, 204 F.2d 583 (4th Cir. 1953)). Upon review of a motion to stay, consideration is properly given to whether the pending case could provide guidance on a central issue, relative prejudice to the parties and promotion of efficient judicial administration. *Amdur*, 372 F.2d at 107; *Int'l Nickel*, 204 F.2d at 585-86.

In its Opposition, Penske relies on the same standard. *See* ECF 38 at 2 (citing *Georgia Pacific Corp.*, 562 F.2d at 296, and *Landis*, 299 U.S. at 254). Penske asks the Court to deny the Fund's Motion, and, instead, to order the parties to set a schedule for the briefing of anticipated cross-motions for summary judgment. ECF 38 at 3-4 (citing Local Rule 105.2(c)).

In its Memo, the Fund asserts that all of its claims against Penske regarding withdrawal liability were consolidated into one arbitration, before Arbitrator Jaffe, in December 2011, ECF 37-1 at 1; that "the Parties completed the hearing in the arbitration proceedings on April 4, 2014", *id.* at 3; and that the arbitrator's "final award is expected imminently." *Id.* Moreover, the Fund argues that the final award *may* "obviate the need for the current litigation," because if Penske prevails in the pending arbitration, there would be no occasion to reach the legal issue disputed in this action. *Id.* at 4. Consequently, in the interest of judicial economy, the Fund urges this Court to stay the action until Arbitrator Jaffe issues the final award. *Id.* at 6. Additionally, the Fund maintains that Penske "will not suffer any prejudice if a stay is granted", *id.* at 4, but the Fund would suffer prejudice if the stay is denied, in that it will incur "the costs of litigation that could be materially affected by the outcome of underlying arbitration." *Id.* at 6.

In its Opposition, Penske argues that the pending final award could only possibly result in a "comprehensive disposition of the instant case" if Penske prevails in its arguments before the Arbitrator, and the Fund chooses not to challenge the final award in court. ECF 38 at 2. Further,

Penske points out that the Fund is asking this Court to grant an "open-ended stay", since the "parties waived any precise time limits on the issuance of the award". *Id.* at 3 (citation omitted). Penske observes that the final award will not be decided for an unknown period of time, *id.*, and that, in any event, the Fund would pursue a judicial challenge if it were unsuccessful in arbitration. *Id*. at 2. It states, *id.* (emphasis in original):

> If the Arbitrator rules against the Plaintiff … , "it may be unnecessary" to resolve the issue in the instant case **only if** Plaintiff concedes the rulings in the other two arbitrations without a court challenge. Defendants have no reason to think that Plaintiff will concede multimillion dollar adverse rulings.

In effect, therefore, Penske asserts that granting the Motion would only delay the case and the litigation that is inevitable.

Penske also argues that the requested extension would be contrary to the purpose of procedures governing pension disputes such this, set forth by Congress in the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381, *et seq.* ECF 38 at 3. Specifically, Penske states, *id.* (alteration to case name by the Court, alteration to quote by Penske):

> In [*Board of Trustees, Sheet Metal Workers' National Pension Fund v. BES Services, Inc.*], 469 F.3d 369 (4th Cir. 2006), the appellate court explained that the MPPAA's arbitration requirement ensures a "streamlined process for resolving disputes over withdrawal liability determinations," and was intended to "limit[ ] dispute-resolution costs and preserv[e] plans' assets." 469 F.3d at 374. A stay in the instant case will frustrate MPPAA's goal of expediency and efficiency.

I am persuaded that the interests of judicial economy and efficient administration, as well as the MPPAA itself, favor granting a limited stay of these proceedings. Penske does not dispute the relevant facts in the Fund's Memo, *i.e.*, that the parties' withdrawal liability disputes have been consolidated into one arbitration, which was ripe for disposition more than one year ago,

and which has the potential to moot this action.  Nor does Penske argue that it would be prejudiced in any way.  *See generally* ECF 38.  Moreover, Penske itself highlighted that the MPPAA embodies a clear Congressional preference for a "streamlined process for resolving disputes" and preservation of the assets of pension funds.  *See* ECF 38 at 3 (quoting *BES Services, Inc.*, 469 F.3d at 374).  I note that in *BES Services, Inc.*, on which Penske relies, the Fourth Circuit went on to say:  "Congress did not intend to create a new, broad category of litigation that would force benefit plans to spend their assets on court costs and attorneys fees. Rather, it chose to require arbitration, with judicial review, to create a more efficient dispute-resolution process."  *BES Services, Inc.*, 469 F.3d at 374; *accord*, *Freight Drivers & Helpers Local Union No. 557 Pension Fund*, 784 F.3d at 217.

In my view, a three-month stay is warranted.  Although Penske disputes the likelihood that a decision will be issued within the near future, or that a decision will moot this action, it appears reasonable to expect a decision fairly soon.  *See* ECF 38 at 3 (stating that, in March 2015, Arbitrator Jaffe estimated he would issue the final award "within the next few weeks") (citation omitted).  Weighing the absence of prejudice to Penske against the costs for all involved of briefing cross-motions on summary judgment now, and in light of the MPPAA's intent to streamline the claims at issue and to minimize such costs, the likelihood that the final award will materially affect the parties' actions in this case is sufficient to warrant a stay.  Nonetheless, I agree with Penske that granting a totally open-ended stay, as the Fund requests, would endanger the efficient resolution of this case, which has been pending since 2012.

Accordingly, I will stay all proceedings until October 2, 2015.  I will also direct the parties to submit a joint status report by October 2, 2015, or within ten days from the issuance of

the final award, whichever is earlier.  Further, if the parties desire to move forward with this litigation when they file the requested status report, then the parties shall submit with their status report a joint proposed briefing schedule.  *See* Local Rule 105.2(c).  It shall specify, *inter alia*, that the first motion for summary judgment is due no later than October 16, 2015, and all briefing shall be completed by December 16, 2015.

A separate Order follows, consistent with this Memorandum.


Date: July 2, 2015                                  _____/s/_____
                                                    Ellen Lipton Hollander
                                                    United States District Judge